Does Angel Ayala-Vazquez, at this time, would Attorney Castro Lang please introduce himself on the record to begin? Good morning, Your Honor. Hold on one second. Mr. Castro Lang, hold on one second. There's just a little bit of feedback. There we are. Thank you, Judge. Are we all set? Yes. Okay. Apologies. Go ahead. Good morning, Your Honor. Attorney Rafael Castro Lang, I represent Appellant Angel Ayala-Vazquez. Your Honor, I would like to reserve five minutes for rebuttal. You can have three. Three? Okay. The First Step Act was applied. That is a clearly erroneous legal conclusion that by itself, because the court disposed of the motion, the question of the deduction, with that erroneous legal analysis. In 2011, Your Honor, the state will substitute the First Step Act of August 3rd, 2010, could not be applied retroactively. Under those circumstances, Your Honor, it is impossible that the court, district court, at sentencing, applied that law. It simply didn't exist. Can I just work through a couple of questions with you? As I understand it, after Dorsey, the Fair Sentencing Act. I'm sorry, Judge. Are we all set? Yes, sir. As I understand it, after Dorsey, the Fair Sentencing Act could apply to your client at the time of sentencing, correct? Well, Your Honor, I don't agree with the statement that was made. Dorsey ruled that the district court could apply at sentencing the minimums because the minimums were lower than what existed. And had to apply them. Had to apply them. Could, could, could apply them. Had to apply them. I don't know that it had to. Okay. I don't know that it had to, but it could apply. And what it could apply, what it could apply was a life sentence under the pre-O law because the statute had been amended to a maximum of 40 years. I thought Dorsey held that the new ranges required by, new statutory ranges required by the Fair Sentencing Act apply as to a defendant indicted prior to the Fair Sentencing Act, but who has not yet been sentenced after the Fair Sentencing Act was enacted, which is your client. Well, I understand that. They concentrated on the minimum and held that if a maximum exceeded the statutory of the amended law, it was illegal. And so even applying your reasoning, Your Honor, even applying your reasoning, which benefits me, the court, if it applied the first of that, could not sentence Mr. Ayala to over 40 years. Even if, well, let me just, even if the jury convicted him in a special verdict of the amount that the new Fair Sentencing Act ranges established would justify a life sentence? If I could state, Your Honor, remember that what controls is the statutory offense. That's for 404B. I totally agree. Under 404C, the question is, was the sentence in accordance with the Fair Sentencing Act? Well, if he would have sentenced him in accordance with the Fair Sentencing Act, he would not have imposed a sentence of life. Because in this case, all counts were grouped together. They were all grouped together. And we cited numerous cases that hold that when the counts include a covered offense, the covered offense statute controls. And the other limits of the uncovered offenses cannot apply. Hudson is clear on that, Your Honor. Can I ask you just one last question? And I'll refrain. Is there anything in the sentencing transcript that addresses whether the judge in sentencing thought he was applying the new statutory range mandated by the Fair Sentencing Act or the old statutory range? No, there's not. Okay, thank you. There's not. The sentence was based exclusively on a cocaine amount. Well, given the finding of the 280 grams, was the sentence in accord with the new first step back requirements? No, it wasn't, because the guidelines, let me first state that a jury cannot amend an indictment, nor a judge. This indictment was never superseded. Separate issue. It would be error for the court to say that the jury's finding, excessive 280 grams, substituted the 50 grams charged in the indictment. The 260 grams found by a jury are relevant to sentencing. Sentencing. But the act is clear that it's not the conduct that controls, it is the statute that has been enacted. And the statute that had been enacted and the quantity alleged in the indictment for crack was 50 grams. Taking that argument and assuming without conceding that that doesn't work, that he was convicted of 280 plus grams, then how would you say the sentence is not in accordance with the First Step Act? Well, it wasn't in accordance with the First Step Act because, number one, he dispatched it with an erroneous legal conclusion that the First Step Act had been applied. He did not recompute the guidelines as the court precedents required. And the guidelines, in effect, at that time and now, 280 grams was level 32 and it was reduced to level 28. Well, under the Fair Sentencing Act, what was the sentence for in excess of 280 grams? Excuse me, Your Honor, because I didn't hear you well. Sure. Under the Fair Sentencing Act, what was the sentence for in excess of 280 grams? I believe it was 200, if you put it, if you take the 280 grams that the jury found, Your Honor, it was 292 to 360 months. So applying the guidelines as amended, the upper end was 30 years, not life. In fact, the statute, when the statute was finally made retroactive and the court had to impose a sentence, five years to 40 years minimum, maximum imprisonment range. Under the Fair Sentencing Act, you could not get a life sentence for more than 280? Well, under the Fair Sentencing Act, the maximum is 40 years and that's established. For 280? Oh, no, not for 280. Right, for 280, what is the sentence? Well. There's not, nothing bad happens by giving the correct answer to this question because then we'd have to figure out what follows it. But if the amount is 280 under the Fair Sentencing Act, can't the sentence be life? Well, yeah, it would have been a tender life. Yeah, okay. So then just to ask Judge Kacada's question again, since he was convicted of 280, what was not in accordance with the Fair Sentencing Act in giving him a life sentence? Sure, again, because I think you're confusing the applicability of the act, which the cases clearly state it is not the offense conduct that controlled, it is the statute that was amended. That's all true for 404B. I completely agree with you. The question is for 404C, which is a separate eligibility limitation in the First Step Act. It says you're not eligible if you were sentenced in accordance with the Fair Sentencing Act. We're just trying to figure out what your argument is as to how to read that language to make it not in accordance with the Fair Sentencing Act when he got a sentence of life for 280 grams and the Fair Sentencing Act allows a life sentence for 280 grams. I disagree because he was indicted again. Well, take the indictment issue out of this for a minute, okay? And you're not waiving it by entertaining this question. Suppose he'd been indicted for 280 grams, convicted of 280 grams, and then sentenced based on that finding. Would that be in accordance with the Fair Sentencing Act? Well, certainly the statutory maximum for 280 grams would. It would be a variant sentence because it would exceed the guidelines that were promulgated to put in effect the act. But those guidelines, if I understand it, were not in place and didn't have to be in place under the Fair Sentencing Act at the time of sentencing of your client, correct? Well, they weren't even considered. No, no, but that's not what I asked. Under the Fair Sentencing Act, they had to be promulgated within 90 days of the act's passage. That's correct. And they were not, in fact, promulgated until the 90th day. Your client was sentenced prior to the 90 days. Uh-huh. So at the time, the guidelines that were applied to him were the guidelines that the Fair Sentencing Act itself allowed to be applied, correct? Well, but those were guidelines based on a previous statute. I understand that. They were based on a previous statute, and my argument is precisely that's part of the error. The court did not even go into the crack to begin with the sentencing. And merely because the jury found him liable for 280 grams, that would be relevant when the court sentenced him, applied, computed the guidelines, and if he felt that he had to exceed 30 years, then impose a life sentence. That wasn't in effect. So it's impossible to say that he was sentenced in accordance with the Fair Sentencing Act. It simply did not apply at that time. Any further questions? Any questions about the other issue? Okay. Thank you. Thank you, Your Honor. Thank you, counsel. At this time, counsel for the appellee can introduce himself on the record when he's ready to begin. Good morning, Chief Judge Barron, and may it please the court, David Bornstein on behalf of the United States. Mr. Ayala raises three claims of error, one of which the court does not have jurisdiction over, all three of which are unavailing. And unless the panel would like me to begin elsewhere, I will start where my friend started with the defendant's motion for sentencing relief under Section 404B of the First Step Act. Now, the district court properly held that he was not entitled to relief under Section 404C because his sentence had been imposed in accordance with the amendments under Sections 2 and 3 of the Fair Sentencing Act. Now, as my friend conceded here during the whole argument and also on page 25 of his opening brief, that is a finding reviewed for clear error, and the court did not clearly err. First of all, as my friend recognizes on page 8 of his reply brief, the prosecutor at the charge conference said that he had modified the verdict form so that it would accord with the new threshold for crack cocaine offenses in the Fair Sentencing Act. And indeed, as you can see from pages 73 and 80 of the appendix, the court adopted that modified jury form. And so as a result, on the verdict form, the jury was asked whether the defendant's crack cocaine offenses – yes, Your Honor. This was pre-Dorsey? This was pre-Dorsey. And did the judge ever make a ruling as to whether the issue that Dorsey decided should be decided one way or the other? There was not an express ruling on the matter, but I would note for Your Honor that the defendant was sentenced in October 2011. That was roughly five months after this court in the United States against Douglas, which is 644 F. 3rd 39, held in an opinion by Judge Boudin, anticipated Dorsey. It said that the defendants who were indicted under the pre-FSA or pre-FSA crack cocaine offenses and then were sentenced after the FSA came to effect after August 30th – sorry, August 3rd, 2010, that those new mandatory – sorry, that those new crack cocaine thresholds applied to those defendants. So the idea is that it was binding law for the district court at the time that the Dorsey rule was in place in the First Circuit? Exactly, Your Honor. It was binding case law under Douglas, and as the Fourth Circuit, and I think a very persuasive analysis, said in Goodwin, which was the case that I apprised the court of in my 28-J letter, if there is binding precedent and courts, district courts are presumed to know this court's rulings, saying you must apply the FSA's amendments to the people sentenced to these offenses after August 3rd, 2010, absent any indication otherwise, and as my friend conceded, there is no indication in the record here. So then just help me with two other points. One, your opponent makes the point that the FSA-mandated guidelines were not applied in his case, and that's true in an extent. The new guidelines were not applied in his case, correct? I believe that's correct. And I think it's the government's position that because the Fair Sentencing Act didn't require them to be in existence at the time of this sentencing, the fact that they weren't applied doesn't make it not in accordance with the Fair Sentencing Act. Is that the idea? Well, my answer would actually direct your attention to the test set forth in Section 404C of the First Step Act. There, whether or not the defendant is entitled to relief hinges upon one question only, whether his sentence was imposed in accordance with the amendments in Section 2 and 3 of the Fair Sentencing Act. And Sections 2 and 3 of the Fair Sentencing Act simply amended the statutory crack cocaine thresholds. I see. And those provisions don't refer to the guidelines? They do not refer to the guidelines, Your Honor. But even if we – it is also the case, though, that nothing in the Fair Sentencing Act required different guidelines. I understand not 2 and 3, but nothing in the Fair Sentencing Act – there's a provision in the Fair Sentencing Act that directed the issuance of the new guidelines, correct? Yes. That provision, though, didn't require any different guidelines to be in place at the time of this sentencing than were. Correct, Your Honor. It was simply an instruction to the Sentencing Commission to release conforming guidelines. And then the last thing. In fact, there was an indictment that now would constitute an error of sorts if the life sentence were imposed. I assume Your Honor is referring to the fact that he was indicted under the pre-FSA statute. He was in the 50 or more. The indictment didn't make reference to the 280, even though – It did not, Your Honor. So what is the significance of that for purposes of interpreting the in accordance with language? I have not had any luck finding a case in our circuit or anywhere that addresses the 404C language in a circumstance like this. Well, I believe that Goodwin instruction on point. That was a Fourth Circuit case in my 28-day letter from a month ago. There the Fourth Circuit faced the exact same argument where the defendant said, I could not have been sentenced in accordance with the FSA's amendments because I was indicted under the pre-FSA statute. And there the Fourth Circuit said it's not surprising that the indictment didn't conform with the FSA because it predated it. What matters for purposes of section 404C is whether you were sentenced under it. And there the Fourth Circuit said you were sentenced after Dorsey.  And you're saying that's no – this is a pre-Dorsey case. Yes, it is. But you're saying it's no different because in the First Circuit, we already had the Dorsey rule. Not only because there was Douglas, but again, at the charge conference, the prosecutor specifically said these new heightened crack cocaine thresholds will apply to the defendant at sentence. But the district court never made a statement one way or the other whether he agreed with that. I think you can infer that the court agreed with it when the court then used the jury verdict form that applied the new heightened thresholds. If the court felt that the old thresholds had applied, the court would have instructed the jury accordingly. Well, there would be no harm in including it. There's no harm in including that verdict form. There would have been, of course, if the jury had found that the defendant's offenses had between 28 and 280 grams of crack cocaine. Because if the court had believed, Your Honor, that the relevant threshold was 50 grams and there was simply a jury finding beyond reasonable doubt that the defendant's offense had between 28 and 280, that wouldn't have been sufficient to tell whether the jury thought it was above 50. But I believe that the best reading of what happened is that the court used the government's jury verdict form because it believed that those thresholds, the ones under the FSA, applied. But I'd also note, Your Honor, that this court has repeatedly, not in the First Step Act context, but when looking at sentences under the Fair Sentencing Act, has repeatedly affirmed sentences and concluded that the heightened crack cocaine threshold set forth in Sections 2 and 3 of the Fair Sentencing Act properly applied to defendants who were indicted under the pre-Fair Sentencing Act statutes and then were sentenced after. Those were the court's holdings explicitly in McIvery in 2015, in Etienne in 2014, and it was the court's conclusion in a footnote, footnote 23 in Jones in 2012. And indeed, it was in Douglas itself. Can you just help me with one thing, and I may be misreading these cases, but there's a number of cases that seem to have a similar fact pattern to this that address only 404B and don't seem to address 404C and then find the government's argument about non-eligibility wanting because they say under 404B you're supposed to look at the offense of conviction, not the conduct. And the government itself doesn't seem to be raising 404C in some of those cases. So do you have any helpful advice to me about what's going on? Without knowing more about those cases, I cannot, Your Honor. Well, broadly, the Tenth Circuit case. Sorry, Your Honor? Broadly, the Tenth Circuit case. I do not know what the U.S. Attorney's Office and the Tenth Circuit, why they took a certain litigating position. I would note, however, that my friend has been relying almost entirely on case law about what constitutes a covered offense for purpose of Section 404A. It's possible that in these other cases 404C was not raised because, for whatever reason, the defendant was not sentenced. These may have been pre-August 3, 2010 sentences. And if they were not, I do not know why that was not raised. But here, Your Honor, the government's position both before the district court and the district court's holding on page 16 of the addendum was that the defendant was not entitled to relief under Section 404C. So under 404C, our focus is on the sentence. Yes. Under 404B, the timeline seems to have moved back to focusing on the time the offense was committed. Yes. And so this is just a suggestion in some of the case law that perhaps the plea bargaining could have gone differently if the Fair Sentencing Act had been in effect at the time that this individual committed the offense. What do you have to say to that? That was a concern that Judge Boudin raised in Douglas. It was actually a concern that was raised in order to benefit the government, arguing that in certain circumstances if the defendant were to get sentencing relief under the FSA, that it might actually contravene the agreement that the government had entered into. I don't think that's a consideration that can benefit the defendant. And I believe that Section 404B concentrates on the time of the offense. Let me follow up on this in terms of getting at the relationship between B and C. Assume for a moment that you could entertain the hypothetical, well, if it had been in effect, maybe the plea bargaining would have gone differently. If you were to conclude that, how would that carry over, if at all, to then C? Would that also mean it wasn't in accordance, or could you have a situation where the sentence was not the sentence that might have been imposed as if the act were in effect when the offense was committed, but the sentence was in accordance with the act? What are we to do with that? Well, I think that's precisely why Section 404C exists. It's the limitation on relief available under 404B. I would note that in this case, there was no plea bargaining. The defendant went to trial. And, again, I believe that the reason why Section – so when Congress enacted the First Step Act, when it put in the language in Section 404B, I understand that it is a little interesting because it seems to ignore the Supreme Court's holding in Dorsey, saying that the Fair Sentencing Act applies to all defendants who are sentenced after the Fair Sentencing Act took effect on August 3, 2010. I think that maybe Congress set forth that language in order to make it perfectly clear that this was going to be fully retroactive to individuals. How do we know C doesn't impliedly pick up the same trailing phrase that's in B, as if, and then going back to this, in accordance with the Fair Sentencing Act, as if it was in place at the time of the offense? Because isn't it the case that B alone is just an authorization? You may do something. Yes. So it wouldn't tell you you can't do it. So you might need C to say, and you can't do it in a situation in which he wasn't sentenced, as if it was in place at the time of the offense. You're trying to make it say, and I understand why, since the text doesn't have that trailing phrase in C, that actually they're just disjunctive. B is talking at the time of the offense. C is talking just at the time of the sentencing. Yes, Your Honor. Is there anything in legislative history that indicates they intended that disjunction, or how are we supposed to think about it? Since it's not an issue that's been raised in this case, I'm unaware of meaning the disjunction between the two. The focus has always been whether or not the defendant was sentenced in accordance with Section 404C. But his argument is he wasn't because at the time of the offense, the Fair Sentencing Act wasn't in place. That's effectively an argument that you've got to read B into C. What's the answer to that? The answer is that under Dorsey and Douglas, those were both cases specific. It's expressed in Douglas. Dorsey's not construing the First Sex Act in that way, is it? No, but it's talking about when the Fair Sentencing Act applies. But that's a different question than how to construe the text of the First Step Act. I understand that, Your Honor. And the question is, do we read C to line up with B, so that both are talking about the Fair Sentencing Act as it applied at the time of the offense, rather than B being at the time of the offense and C being at the time of sentencing? So I would say no. I would not read into 404C the language in 404B. They focus on two different things. 404B focuses on providing relief as if the Fair Sentencing Act were in effect at the time of the offense. And then 404C sets up a limitation on that authorization for relief, saying that if the sentence was previously imposed in accordance with the Fair Sentencing Act, then the defendant may not receive relief. And I believe that in Goodwin, the Fourth Circuit decided this. But I would also say, in this Court's prior opinions, McIvery was very explicit about this because the defendant there as well argued, I cannot be sentenced in accordance with the Fair Sentencing Act because I was indicted under an earlier version of the statute. And this Court said that there was no problem with it. There was no constructive variance. And I'd simply note, as Judge Ciotta noted, the government went into that simply to show that there was no error. But that is a separate issue. It's not one being raised in this appeal. And, indeed, it couldn't be raised in this appeal because the law of the case document wasn't raised on direct appeal. If this Court has no further questions, we'd ask the Court to affirm. Thank you. Thank you, Counsel. At this time, if Attorney Kestrelang will reintroduce himself on the record. To begin, he has a three-minute rebuttal. Thank you, Your Honor. For the record, Attorney Rafael Kestrelang, representing a felon. Your Honor, if you analyze the sentencing procedure applied in this case to Ayala, it totally is nonconforming with the Sentencing Act of 2010. Ayala's offense occurred between 1995 and 2009. The statute that applied at that time was the 50 rounds which was alleged in the indictment. For this Court to say that if a jury makes a determination of a higher amount, that would trigger a mandatory minimum that is not in the indictment, that would really null the act. Let me just ask you on the point that I was asking your opponent. Let me just set it up this way. Put aside the First Step Act for the moment. Imagine it doesn't exist. Your client, everything happened just the way it happened. It's pre the First Step Act. You bring a direct appeal. And on appeal you say, I was sentenced in violation of the Fair Sentencing Act. Would you win or lose? In Ayala's case, with the facts of Ayala, I would say on appeal I would win. He wasn't sentenced according to the Fair Sentencing Act. Okay, but what was the violation of the Fair Sentencing Act? Because under Dorsey, they could apply the life sentence for 280. He was convicted of 280. If you brought in a lien challenge, it would fail. And if you brought an apprendee challenge, it would fail. So how could you have won? Well, Your Honor, because, again, if they had applied the Act, the First State Act, the maximum was 40 years. Not for a person convicted of 280 grams. Well, Your Honor, again, what you're saying is that the jury verdict controls the indictment. At the time of the conviction here and at the time of sentencing, wasn't that the law of the circuit? At the time of the offense conduct, the 10-year mandatory minimum was triggered for 50 grams. The 280 grams did not appear anywhere in those, in the statute, no, in the guidelines. And, again, the executive moved the Congress to lower these statutory sentences for crack because they were abusive. And in accordance with the thrust of what the executive wanted, I think the argument by the government is contrary to what the executive wanted when it pushed for the enactment of the Fair Sentencing Act. And to say, again, to say that a jury, jury finding controls. I do have one question. Why did the district court modify the jury verdict in the way that it did, if not to allow it to sentence in accordance with the Fair Sentencing Act? Your Honor, could you speak a little louder? I didn't hear the question. I apologize. Sure. As I understand it, your client was indicted at the lower level. But then when it came time to instruct the jury, the jury verdict form was modified to put in the 280. Why would the district court have done that, given what the prosecution had said to it, if not to put it in a position to sentence in accordance with the Fair Sentencing Act? Well, your Honor, to begin with, I think it is wrongness to conclude that an indictment can be amended by a jury drug fact finding. The jury cannot amend, nor a prosecutor, nor a judge, can amend an indictment. In fact, they argued to the jury that he was convicted for 15 years. We understand that. That rule does not come from the Fair Sentencing Act, right? I know of no case that says that a jury finding alters what is alleged in an indictment. I'd like to know what case says that. The indictment was never changed to 280 grams. They had to supersede it. Okay. If they wanted to apply that mandatory minimum. Thank you. Thank you. Thank you, counsel. That concludes argument in this case.